(No. 42744.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JIM E. MYERS, Appellant.

*Opinion filed September 29, 1970.*

MARSHALL A. SUSLER, of Decatur, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BASIL G. GREANIAS, State's Attorney, of Decatur, (FRED G. LEACH, Assistant Attorney General, and THOMAS J. YOCKEY, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Jim E. Myers, was convicted in the circuit court of Macon County of deviate sexual assault; his conviction was affirmed by the Appellate Court for the Fourth Judicial District (92 Ill. App. 2d 129), and this court denied leave to appeal. (38 Ill.2d 629.) Defendant's subsequent amended petition for post-conviction relief (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) was dismissed on the State's motion without an evidentiary hearing, and defendant appeals directly to this court. See 43 Ill.2d R. 651(a).

The petition alleges that the State was permitted to call two persons as hostile witnesses without proper foundation, and that the State was permitted to impeach defendant through use of an involuntary confession previously undisclosed to defense counsel. These contentions arise from the record as it stood on appeal; not having been raised in the appellate court review, the issues are deemed waived. *People* v. *Kamsler,* 40 Ill.2d 532, 533.

The defendant also alleges that the indictment on which he was convicted was obtained through the use of perjured testimony before the grand jury. The record contains his pretrial motion to dismiss the indictment on this ground. In support of the motion, defendant submitted a transcript of a statement by, and the affidavit of, one of the two grand jury witnesses, Larry Lobb, wherein he stated that his grand jury testimony, as well as the testimony of the other grand jury witness was untrue. The motion was denied following a hearing. The post-conviction petition relies exclusively upon this material, and clearly the issue was available on the record before the appellate court. As indicated above, failure to raise it there constitutes a waiver, for the Post-Conviction Hearing Act is not available for review of claims which were or could have been presented on the direct review of the conviction. *People* v. *Thomas,* 38 Ill.2d

321, 323; *People* v. *Armes*, 37 Ill.2d 457; *People* v. *Ashley*, 34 Ill.2d 402.

The final allegation is that the indictment was void because based upon testimony of an incompetent witness. An affidavit attached to the post-conviction petition gives a psychiatrist's opinion that Larry Lobb is of subnormal intelligence and consequently incompetent as a witness. We do not pause to consider the State's contention that this allegation has also been waived, since it is abundantly clear that the contention is insufficient in any event to overturn the indictment. As we stated in *People* v. *Jones*, 19 Ill.2d 37, at 41-42: "an indictment will not be quashed unless *all* the witnesses were incompetent * * *," meaning "disqualified by law (such as complete mental derangement); * * *." (Emphasis added.) The indictment in this case carried the name of Willie Bender as a witness before the grand jury, as well as that of Larry Lobb; since no contention is made that Bender was incompetent, defendant has clearly failed to allege facts sufficient to call the indictment into question. The fact that the indictment jointly charged defendant and another individual, and that therefore Bender's grand jury testimony may conceivably have related only to defendant's co-indictee, does not entitle defendant here to any presumption that Lobb's testimony alone served as the basis for indictment of defendant. The indictment as to Myers was valid on its face in view of the presence thereon of a listed witness whose competency was not challenged, and nothing more is constitutionally required to call for trial of the charge. *People* v. *Jones*, 19 Ill.2d 37, 43; see also *Lawn* v. *United States*, 355 U.S. 339, 349, 2 L. Ed. 2d 321, 78 S. Ct. 311, 317; *Costello* v. *United States*, 350 U.S. 359, 100 L. Ed. 397, 76 S. Ct. 406.

The circuit court of Macon County was correct in dismissing the post-conviction petition, and its judgment is affirmed.

*Judgment affirmed.*