(No. 42712.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JEROLD W. STANLEY, Appellant.

*Opinion filed January 28, 1972.*

JEROLD W. STANLEY, *pro se.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and HENRY D. SINTZENICH, State's Attorney, of Macomb, (DENNIS K. CASHMAN, Assistant State's Attorney, of counsel,) for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from an order of the circuit court of McDonough County, entered following a hearing, denying defendant's petition for relief under the Post-Conviction Hearing Act. Ill.Rev.Stat. 1969, ch. 38, par. 122—1 *et seq.*

On August 3, 1966, the defendant and his wife, a juvenile, were taken into custody and the defendant was charged with burglary. He was released on bond but his wife remained in custody. On September 15, the defendant, in an unsuccessful attempt to free his wife, threatened a deputy sheriff with a loaded gun at the McDonough County jail and was again arrested and charged with attempted murder and attempted armed robbery. Thereafter the defendant was charged with another burglary. He had retained counsel of his own choosing to represent him on the original burglary charge and on September 27, 1966, the court appointed the same attorney to represent him on the other charges and pleas of not guilty were entered. Subsequently the pleas of not guilty were withdrawn and the defendant pleaded guilty to the two burglary charges and to the attempted armed robbery charge and was sentenced to concurrent terms of not less than 10 nor more than 14 years for each offense. The attempted murder charge was subsequently dismissed. No appeal was taken from these proceedings. The defendant later filed *pro se* a petition for a post-conviction hearing and an attorney was appointed to represent him. A hearing was conducted thereon and the court denied the relief prayed. This appeal followed and counsel was appointed to represent defendant on the appeal. This attorney filed a motion for leave to withdraw stating that he could find no meritorious grounds for the appeal and supported his motion with an extensive brief. The motion for leave to withdraw was allowed and the defendant has filed *pro se* a brief in support of his appeal.

It is well established that a voluntary plea of guilty

waives any prior defect other than those of a jurisdictional nature and that such a plea may waive prior violations of constitutional rights. *(People v. Brown, 41 Ill.2d 503.)* The transcript of the proceedings at which the pleas of guilty were entered shows that the court interrogated the defendant thoroughly with regard to whether the pleas were voluntary and the defendant replied that there had been no threats, duress, promises, or inducements made to him and that the pleas were freely given of his own will. We will not disturb the finding of the trial court that the evidence at the post-conviction hearing failed to prove that the pleas were induced by threats or promises.

The defendant's petition contained many allegations of circumstances which, in defendant's opinion, rendered his pleas involuntary. We deem it unnecessary to analyze each of these charges. The trial court heard evidence relating thereto and ruled adversely to the defendant. We will not disturb the findings of the trial court unless the same are manifestly erroneous. *(People v. Stone, 45 Ill.2d 100; People v. Alden, 15 Ill.2d 498.)* We have examined the evidence and conclude that it amply supports the findings of the trial court.

The record substantiates the defendant's claim that at the time he entered his pleas of guilty he was not advised by the court of his right to trial by jury. The defendant's pleas were entered on November 22, 1966. At that time neither the rules of this court (Ill.Rev.Stat. 1965, ch. 110, par. 101.26) nor the provisions of the Code of Criminal Procedure (Ill.Rev.Stat. 1965, ch. 38, par. 113—4) requir- ed that the defendant be so advised before accepting his pleas of guilty, and the trial judge properly accepted the defendant's pleas without specific reference to his waiver of the right to jury trial. *(People v. Williams, 44 Ill.2d 334; People v. Kontopoulos, 26 Ill.2d 388.)* The requirements of our Rule 402(a)(4) (43 Ill.2d R. 402(a)(4)) became effective September 1, 1970.

Considering now the defendant's contention that he

was represented by incompetent counsel when he entered his pleas of guilty we first note that he was represented by counsel of his own choosing. Under such circumstances the conduct of counsel will not constitute a denial of due process unless the representation was of such caliber as to reduce the proceedings to a farce and a sham. *(People v. Williams, 26 Ill.2d 190; People v. Cox, 12 Ill.2d 265.)* The trial court heard the testimony concerning the various charges of incompetency and denied the defendant's contention that his constitutional right had been violated thereby. The finding of the trial court was supported by the evidence and we will not therefore disturb the same.

The defendant had also filed in this court documents attacking the quality of representation by the counsel in the post-conviction proceeding and seeks a reduction in his sentences. We do not believe it necessary to discuss these claims in detail. Our examination of the record shows that the post-conviction counsel presented all the evidence that was available and cross-examined the witnesses for the State. We cannot say that his representation was inadequate. The sentences were within the statutory limits and we find no reason for reducing the same.

We are satisfied that the trial court properly denied the petition for post-conviction relief. The judgment of the circuit court of McDonough County is therefore affirmed.

*Judgment affirmed.*