(No. 42710.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JAMES WILLIAMS, Appellant.

*Opinion filed October 2, 1972.*

DAVID A. DECKER, of Waukegan, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and MARK T. ZUBOR, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE WARD delivered the opinion of the court:

The defendant, James Williams, has appealed to this court from the dismissal by the circuit court of Cook County of his petition under the Post-Conviction Hearing Act (Ill.Rev.Stat. 1971, ch. 38, par. 122–1 *et seq.*), which complained of his convictions on August 2, 1968, on charges of unlawful possession of narcotic drugs and bail jumping. Saying that the petition set out that his conviction involved a substantial violation of his constitutional rights, he complains that there was error in denying him an evidentiary hearing.

On August 2, 1968, the defendant pleaded guilty and was sentenced to 5-10 years in the penitentiary for the narcotics offense and one to five years for bail jumping.

On November 2, 1968, the defendant, acting *pro se,* filed a verified petition for post-conviction relief in the circuit court and in it alleged that the indictment on which he was convicted had charged him with the unlawful sale of narcotic drugs, and that it was error to convict him of the lesser charge of unlawful possession of narcotic drugs; that the complaining witness, a police informer, had signed a fictitious name on the complaint used to obtain an arrest warrant and had used the fictitious name in testifying before the grand jury, thereby denying him due process; and that the petitioner had been coerced into pleading guilty to the charge of unlawful possession of drugs. As to the last allegation, the petition said: "Persistent threats made to this petitioner by his attorney (a public defender) *** that your petitioner would be sentenced to life imprisonment should he avail himself of said right to be tried by jury *** did effectively overbear this petitioner's will with fear and thus deprived your petitioner of his 5th amendment rights to stand trial by jury of his peers for the offense of unlawful sale of narcotic drugs as charged in indictment 67-2708."

After the filing of the petition counsel was appointed

to represent the defendant. The attorney filed an amended petition which made substantially the same allegations as those of the *pro se* petition. It did, however, claim that the petitioner's plea to the bail jumping charge had also been coerced. As amended the petition claimed: "That the above convictions were based on pleas of guilty, which guilty pleas were the result of coercion and persistent threats made to Petitioner by the Public Defender to the effect that your Petitioner would be sentenced to life imprisonment should Petitioner plead not guilty and avail himself of trial by jury." No affidavits or other evidence were submitted in support of the amended petition.

The petitioner on appeal has abandoned his erroneous claim that unlawful possession of narcotics is not included within a charge of unlawful sale of narcotics. (See *People v. King, 34 Ill.2d 199.*) He does persist in the contentions that he was denied due process by the complaining witness using a fictitious name on the complaint and before the grand jury, and that his guilty pleas were the product of coercion. The petitioner would also advance here the claim that the admonition given him by the trial judge before accepting his plea of guilty was inadequate, as he was not questioned regarding his understanding of the nature of the offense of unlawful possession. This contention, however, was not presented in the post-conviction petition and it cannot be advanced on appeal. "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." Ill.Rev. Stat. 1969, ch. 38, par. 122—3.

When a hearing should be allowed under the Post-Conviction Hearing Act was considered in *People v. Arbuckle, 42 Ill.2d 177.* We said: "The Post-Conviction Hearing Act (Ill.Rev.Stat. 1967, ch. 38, par. 122—2) requires that a petition be supported by 'affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached.' The cases repeatedly state that an evidentiary hearing under the Act

should be granted only if defendant's post-conviction petition makes a 'substantial showing of a violation of constitutional rights, and allegations which merely amount to conclusions are not sufficient to require a post-conviction hearing.' [Citations.] " 42 Ill.2d at 179.

Judging by this standard we consider that the circuit court properly judged that the petitioner was not entitled to an evidentiary hearing. The allegation that the petitioner was coerced was but the statement of a conclusion. Here experienced defense counsel simply reiterated the claim of coercion when he amended the petition. It is not unreasonable to assume that could he have done so the attorney would have set out in the amended petition the factual circumstances from which coercion might have been found to establish a basis for an evidentiary hearing. No allegation as to the time, place, what was said or other circumstances of the claimed coercion was made by affidavit or otherwise. A resembling situation appeared in *People v. Covington, 45 Ill.2d 105*, where the petitioner contended that he had pleaded guilty because a police officer threatened to arrest his wife and take away his infant child. In upholding the trial court's dismissal of the petition without a hearing, we said: "Although the amended petition was verified, no affidavit or other evidence was filed in support of this allegation as the Act requires, and in our opinion the bare allegations of the petition were not sufficient to require a hearing on this issue. *** On this state of the record, a supporting affidavit as to the time, place and circumstances of the alleged threat by the police officer was essential to the sufficiency of the post-conviction petition." (45 Ill.2d at 109-110.) *People v. Knight, 38 Ill.2d 373, 375,* is another case with similarity. The post-conviction petition there alleged that the State had knowingly permitted perjured testimony in order to obtain the petitioner's conviction. In affirming the trial court's dismissal of the petition, we observed that "allegations which merely amount to conclu-

sions are not sufficient to require a post-conviction hearing."

We do not consider the remaining contention, for we judge that the petitioner by his plea of guilty waived his basis for complaining that a witness against him used a fictitious name. In *People v. Dennis, 34 Ill.2d 219,* we observed: "A constitutional right, like any other right of an accused, may be waived [citations] and a voluntary plea waives errors or irregularities that are not jurisdictional. [Citations.]"

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*