(No. 41819.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. COYLEE HARRIS, Appellant.

*Opinion filed September 25, 1973.*

BELKIND & POLIKOFF, of Chicago (ARTHUR LEWIS BELKIND, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BERNARD CAREY, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and KENNETH L. GILLIS and JAMES CARLSON, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE DAVIS delivered the opinion of the court:

The defendant, Coylee Harris, was found guilty of murder by a jury in the circuit court of Cook County, and was sentenced to the penitentiary for a term of not less than 14 nor more than 20 years. In his appeal to the appellate court the defendant contended, among other things, that he was prejudiced because the State failed to reveal to the jury its intention to nol-pros murder indictments against two codefendants who testified against him. This contention was founded upon the fact that five

days after Harris's conviction the court allowed the State's motion to nol-pros the charges against these codefendants. The appellate court observed that these matters would more appropriately be presented under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1963, ch. 38, par. 826 *et seq.*).

The defendant then filed a petition under the Post-Conviction Hearing Act, and the appellate court postponed oral argument of the case pending on appeal before it until disposition was made of the post-conviction petition. After a hearing the circuit court denied the relief sought in the petition. The appellate court then proceeded and affirmed the conviction in the original proceeding. *People v. Harris (1969), 105 Ill. App. 2d 305.*

The post-conviction petition alleged that the defendant was unlawfully arrested and that his confession was obtained through deception and coercion and should have been suppressed. It also suggested that Lolita Davis and Mable Hines, who testified against the defendant, testified falsely at the trial when they stated that they had not been promised leniency for their testimony. The petition stated that five days after the conclusion of the defendant's case, the State nol-prossed the indictments against these witnesses. The petition concludes that the defendant's constitutional rights were violated by the State in permitting the witnesses to testify falsely that they had not been promised leniency when in fact they had, and by the State failing to inform the jury that it would grant consideration to the witnesses for their testimony.

The State answered, denying the allegations contained in the petition, specifically denying the use of perjured testimony or that it suppressed any information or had promised leniency to the witnesses in return for their testimony. After a hearing on the petition and answer, the circuit court denied the petition.

In this appeal the defendant raises no issues relative to the arrest or confession. The defendant here contends that

the two witnesses committed perjury in denying a pledge of leniency to them, and that the State acted improperly in permitting the alleged perjury and in not advising the jury of its intent to nol-pros the charges against these witnesses.

The defendant's plea must fail, as pointed out by the trial court, for lack of proof. The defendant offered no proof in support of his petition, beyond the record in the trial of the case and the record of the State's *nolle prosequi* of the indictments against the two witnesses.

The appellate court opinion sets forth the facts of this case and such factual statement is hereby adopted and will not be repeated in this opinion. Lolita Davis and Mable Hines both unequivocally testified that they were not promised leniency or anything in return for their testimony. There is not a shred of evidence that this testimony was perjured testimony.

In its closing argument to the jury the State answered the charge made by the defendant that it had made a deal for the testimony of the two witnesses. The State argued: "Well, he said there was a deal. I will tell you this; Davis Lee Clifton, Mable Hines and Lolita Davis may walk out of this courtroom, they may walk out scot-free, but it is not because of any deal I made or Mr. Larrey made or anybody in the State's Attorney's office as far as any of us know here. They got on the stand because they were willing to testify and we felt it would be of some value for you to listen to them."

The fact that the charges against the two witnesses were dropped five days after the defendant's conviction might lead to speculation that the State had intended to drop the charges against the witnesses if they testified. However, such circumstance could just as readily lead to a conjecture that this decision was only considered, and made, after the successful prosecution of the defendant.

The defendant was offered a full hearing. He chose not to present additional evidence to support his conten-

tions. The burden is upon the defendant to prove he has been denied his constitutional rights. (*People v. Watson (1972), 50 Ill.2d 234, 236.*) Wide latitude is offered as to the method of presenting evidence. (Ill. Rev. Stat. 1967, ch. 38, par. 122.6.) Absent any evidentiary basis to support the defendant's allegations, we must conclude that the trial court was correct in denying the relief sought in the petition. We may not disturb the decision unless it was manifestly erroneous. *People v. Stanley (1972), 50 Ill.2d 320, 322; People v. Stone (1970), 45 Ill.2d 100, 105.*

The cases cited by the defendant (*e.g., Brady v. Maryland (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194; Napue v. Illinois (1959), 360 U.S. 264, 3 L. Ed. 2d 1217, 79 S. Ct. 1173; People v. McKinney (1964), 31 Ill.2d 246; People v. Coddington (1964), 31 Ill.2d 468; People v. Lueck (1962), 24 Ill.2d 554*) all differ from the instant case in a most material respect.

The evidence in the cases cited by the defendant established that the State had suppressed evidence, or had permitted witnesses to falsely testify that no promise of leniency had been made to them. As the appellate court pointed out on the record before it, there was no evidence to substantiate the defendant's speculation that the witnesses testified falsely when they said no promise had been made to them. The additional fact of the *nolle prosequi* five days later does not warrant altering that finding.

The judgment of the trial court is affirmed.

*Judgment affirmed.*