(No. 43790.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. COTTRELL CALDWELL, Appellant.

*Opinion filed October 1, 1973.*

MICHAEL A. UNGER, of Chicago, appointed by the court (STUART J. REILLY and JOSEPH V. RODDY, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BERNARD CAREY, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and KENNETH L. GILLIS and MARIANN TWIST, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE DAVIS delivered the opinion of the court:

The defendant was charged with murder. He was represented by appointed counsel and pleaded guilty as charged in the circuit court of Cook County. No appeal was taken. The case is now before this court on appeal from the dismissal by that court of the defendant's petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122–1 *et seq.*) without an evidentiary hearing. The defendant was represented by the Public Defender at the hearing on the State's motion to dismiss the petition. His counsel at that time informed the court that he had discussed the case with the defendant, and had informed him that the allegation of the insufficiency of the indictment would not be sufficient to grant relief under the Post-Conviction Hearing Act, but the defendant had nevertheless instructed him to stand on the petition as filed, and the judge then granted the State's motion to dismiss the petition. The petition as drafted by defendant was based solely on the allegation of the insufficiency of the indictment in the lack of specification of the statutory provision alleged to have been violated.

In *People v. Hubbard (1970), 46 Ill.2d 563,* at page 564, we stated:

> "There is however no constitutional requirement that the statute alleged to have been violated be cited or set out in an indictment, and, as we held in *People v. Delafosse, 36 Ill.2d 327,* 'the lack of specification of the statutory provision alleged to have been violated \*\*\* did not render the indictment fatally defective.' 36 Ill.2d at 330."

Thus, the petition stated no constitutional violation in respect to the insufficiency of the indictment and in respect to this contention the petition was properly dismissed by the trial court.

Section 122—3 of the Post-Conviction Hearing Act provides that "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." (Ill. Rev. Stat. 1969, ch. 38, par. 122—3.) It is true that a statutory provision and Rule 401(a) of this court (in effect January 1, 1967) are here involved. Rule 401(a) then provided:

> "(a) *Waiver of Indictment.* When an offense that, under the constitution of this State, must be prosecuted by indictment is prosecuted by information or complaint rather than indictment, the State may file an information or complaint with the clerk of the court. Thereafter, the accused shall be brought into open court. After he has been advised of the nature of the charge and of his rights as hereinafter set forth, if he in open court waives prosecution by indictment, proceedings shall follow in accordance with the statutory requirements of proceedings under an indictment. If the accused does not waive prosecution by indictment, the court shall order the information or complaint stricken without prejudice to the right of the State to proceed by indictment." 36 Ill.2d 167.

In *People v. Ballheimer (1967), 37 Ill.2d 24, 25,* we recognized that in each conviction of a crime upon a plea of guilty the record must show that before the entry of such plea the court fully explained the consequences of

such plea to the defendant and that in each conviction of a crime on a plea of guilty the defendant knowingly and understandingly entered his plea and understood its consequences.

The question of waiver of the issue of the voluntary and knowing entry of a guilty plea was considered by this court in *People v. Barber (1972), 51 Ill.2d 268, 269,* where we held that the issue was waived by failure to raise it in the post-conviction petition. The same rationale applies to the allegation that a reasonable doubt as to the defendant's sanity existed. (*People v. Eldredge (1969), 41 Ill.2d 520, 528; People v. Clements (1967), 38 Ill.2d 213, 216.*) These issues were raised for the first time in this court.

The post-conviction petition as drafted by the defendant was based solely on the allegation of the insufficiency of the indictment and even though the defendant's appointed counsel informed him that such allegation was insufficient to secure relief under the Post-Conviction Hearing Act, the defendant nevertheless persisted in standing · on the petition as filed and instructed his attorney to so do, which his attorney did pursuant to such instruction. Thus, the defendant must be held to have waived the two constitutional claims hereinabove set forth and relied on for the first time in this appeal. Even though the above points were waived, we have examined the record and find that the admonition of the trial court was adequate. While we recognize that dismissal of a post--conviction petition is warranted only if its allegations of fact, when liberally construed in favor of the petitioner, fail to make a showing of imprisonment in violation of the Federal or State constitution (*People v. Bernatowicz (1952), 413 Ill. 181, 185*), the petition under consideration failed to show imprisonment in violation of any of the defendant's constitutional rights.

The petition in question made no reference to the constitutional violations urged on this appeal, and it states no facts in support of any such presently alleged viola-

tions. We are reluctant to hold that the trial court erred because it failed to do what the petitioner never asked it to do. The petitioner failed and refused to assert his constitutional claims in his post-conviction petition as filed in the trial court.

We do find that the defendant entered the plea of guilty because he was in fact guilty. While represented by counsel, the defendant was told by the court of the nature of the charge against him and that "when you plead guilty to the charge of murder the Court may sentence you to a term in the penitentiary for any indeterminate term in excess of 14 years. You do understand that, do you not," and the defendant replied "Yes." In *People v. Domico (1959), 15 Ill.2d 590,* at page 594, we stated: "all the requirements of the rule must be carefully complied with, but the remarks and advice of the court must be read in a practical and realistic manner. *** if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule, the essentials have been complied with." We find the admonition adequate to fully advise the defendant of the nature of the charge against him and the consequences thereof. Additionally, the petitioner has never asserted that the guilty plea was made in ignorance of the consequences thereof.

Against this background we, therefore, find that issues of voluntary and knowing entry of a guilty plea and that the trial court erred in refusing to conduct a sanity trial have been waived, and the judgment of the trial court dismissing the petition is affirmed.

*Judgment affirmed.*