THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PETER E. BONN, Defendant-Appellant.

(No. 72-366;

Fifth District—May 14, 1974.

Robert E. Farrell, of Office of the State Appellate Defender, of Mt. Vernon (Ted Mannen and Evelyn M. Baker, Senior Law Students, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville (Clyde L. Kuehn, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order of the circuit court of St. Clair County denying defendant's petition for post-conviction relief.

The defendant, Peter E. Bonn, was indicted for the offense of robbery. After pleading not guilty at his arraignment the public defender was appointed to represent the defendant. Subsequently, the defendant pled guilty and was sentenced to a term of not less than 3 nor more than 15 years in the penitentiary. The defendant filed a *pro se* petition for post-conviction relief which was denied without a hearing. The Supreme Court of the State of Illinois reversed and remanded for further proceedings. Counsel was appointed, an amended petition was filed and a hearing was held. Relief was again denied and the defendant appeals to this court.

The defendant bases his appeal on three contentions: first, that he was denied the constitutional right to effective assistance of counsel; secondly, that he was denied due process of law because he was not provided a trial transcript: and lastly, that he was denied due process of law because there is no showing that the court properly admonished defendant before accepting his plea of guilty. Due to the relationship of these contentions the alleged error based upon the failure to supply defendant with a trial transcript will be discussed first.

There can be no question that under the United States Constitution and the laws of the State of Illinois, the defendant, an indigent, was entitled to a free transcript of the proceedings in his case. (*Griffin v. Illinois*, 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585; Ill. Rev. Stat. 1971, ch. 110A, par. 471.) In addition, defendant's appointed attorney was required, under Supreme Court Rule 651(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 651(c)), to examine "the record of the proceedings at the trial" and the record must show that counsel has made such examination. In the instant case no transcript was made available to defendant and no showing of such examination appears in the record.

The defendant made his first request for a trial transcript in March, 1969. After three subsequent requests, an order to supply the requested transcript was entered. A second and final order to supply the requested transcript was entered in November, 1972. There is no indication in the record that the defendant had received a copy of such transcript. In fact, the transcript was not filed until November, 1973, when it was filed with this court.

It is the State's contention that this issue "is vitiated by compliance with the order to furnish a trial transcript." We cannot agree. The purpose

of a free transcript is to enable a *defendant* to review the proceedings in order to perfect his appeal or, as in this case, his petition for post-conviction relief.

The fact that the transcript is available to this court after 4 years has elapsed, during which period defendant had prepared and submitted his post-conviction petition, does not satisfy the requirement that a transcript should be furnished defendant for examination and use in preparing his petition.

We realize that any claim of deprivation of constitutional rights not raised in the original or amended petition is waived (Ill. Rev. Stat., ch. 38, par. 122—3); however, we find ample facts in the record to preserve the claim in the instant case. As we noted above, the defendant made four separate requests for the transcript and two court orders to supply the transcript were entered and are a part of the record. Furthermore, when a post-conviction petition is prepared by someone with a very meager knowledge of the law, as in the case at bar, a reviewing court may, in its discretion, dispense with the precision and exactitude expected from members of the legal profession. In the defendant's hand-written *pro se* petition for post-conviction relief he alleged that, "Copy of Records on Case 68-990 was not complete." Although the appointed counsel failed to include this claim in the defendant's amended post-conviction petition, prepared without benefit of a free transcript to defendant, he did, at the post-conviction hearing, make reference to this deficiency on two separate occasions as disclosed by the report of proceedings made in the hearing on the amended post-conviction petition. We do not consider that counsel's failure to include the constitutional questions in the amended petition, prepared without benefit of the transcript, under the circumstances here present, should be construed as a waiver by defendant.

■■ From the aforementioned record, it is apparent that the defendant has on numerous occasions attempted, and failed, to procure a trial transcript. And, as a result, there is no showing by defendant's attorney that he "has examined the record of the proceedings at the trial" as required by Supreme Court Rule 651(c). Under these circumstances it would be fundamentally unfair to hold that this defendant waived other *substantial* constitutional rights which the trial transcript may reveal. To correct this deficiency we have no other course than to allow the defendant to review the record and thereafter perfect his petition for post-conviction relief. In view of the foregoing we do not reach defendant's other contentions.

Accordingly, the denial of post-conviction relief is reversed and the cause remanded to the circuit court with directions that defendant be immediately provided with a free trial transcript, if this has not been

done, and counsel be provided a reasonable time in which to amend defendant's post-conviction petition and be heard hereon.

Reversed and remanded with directions.

G. MORAN, P. J., and CARTER, J., concur.