THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* LARRY JACKSON, Petitioner-Appellant.

(No. 73-179; ■■■■■■

Fifth District—May 20, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Robert E. Davison, of State Appellate Defender's Office, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville (Philip G. Feder, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant was indicted in 1967 in St. Clair County for murder. Pursuant to plea negotiations the defendant pled guilty to voluntary manslaughter and on July 8, 1968, was sentenced to a term of not less than 10 years nor more than 20 years in the penitentiary. On December 29, 1972, the defendant filed a pro se post-conviction petition, which was amended in February, 1973, by court-appointed counsel.

The evidentiary hearing on the post-conviction petition was held in April, 1973, but the post-conviction petition was denied. It is from this denial that the defendant appeals. The only issue presented by the appellant in his brief for review is whether the trial judge in the post-conviction hearing improperly relied upon information outside the record which was prejudicial to the defendant's cause for relief.

The original lawyer appointed to represent defendant became ill and one of his associates was appointed to carry on. There is some suggestion that the original lawyer had promised defendant that he would get probation if he would plead guilty; however, this was not raised in the appeal.

In the amended petition before the court at the evidentiary hearing the defendant raised the issue that he was not advised of his right to appeal and his right to a transcript. However, an examination of appellant's brief suggests that he has abandoned those points. The brief con-

centrates on the conduct of defendant's lawyer and his quality of representation at the hearings before and after the plea of guilty.

■■ In a post-conviction hearing the real issue is whether the petition when liberally construed in favor of the petitioner and taken as true, makes a showing of imprisonment in violation of the Federal or State constitutions. If a post-conviction petition shows a denial of any substantial constitutional rights, a hearing must be held on the petition. The right of appeal in a criminal case and the denial of a transcript are not per se constitutional questions.

Both from the insufficiency of the petition itself and the subsequent testimony elicited at the hearing, it seems that the suggestion of the guilty plea by both attorneys was entirely justified under the circumstances and did not amount to coercing the defendant into pleading guilty. *People v. Williams*, 44 Ill.2d 334.

The other allegation in the amended petition was that the attorney who represented defendant when he pled guilty had promised the defendant that he would receive probation on such a plea. This was refuted by the court-appointed attorney in his direct examination at the hearing. There were no affidavits attached to the defendant's petition concerning this allegation or any other allegations and no reason given why they were not attached.

During the hearing held in April, 1973, counsel for defendant at the close orally moved to amend the petition by inserting a paragraph indicating that "the quality of representation that the defendant received was not in accordance with that prescribed by the Federal and State Constitutions". The court granted the amendment.

The defendant has failed to cite in his brief any authority that the behavior of his attorney amounted to actual incompetence. At any rate, the evidence of incompetence adduced at the hearing fell far short of substantiating the allegation that was attached to the petition by counsel. The defendant's attorney on cross-examination of court-appointed counsel attempted to prove the incompetency. In *People v. Dudley* (1970), 46 Ill.2d 305, 308, the supreme court held:

> "In order for a defendant to establish incompetent representation by appointed counsel, he must demonstrate 'actual incompetence of counsel, as reflected by the manner of carrying out his duties as a trial attorney'; and it must further appear that substantial prejudice results therefrom, without which the outcome would probably have been different."

Nowhere in the record is there any evidence to substantiate the charge asserted by defendant's attorney at the evidentiary hearing.

■■ We now come to the point raised by defendant in his brief, *i.e.*,

whether the trial judge's reliance upon information outside the record is prejudicial. Assuming the judge relied on evidence not in the record to find defendant's attorney competent, that evidence did not unduly prejudice Jackson because he never made a case at the evidentiary hearing that the attorney was, in fact, incompetent and that that incompetence directly resulted in Jackson's conviction. The record contains testimony by the defendant's attorney that he was licensed to practice law in Illinois and Missouri and "that he successfully defended felons in Federal Court and in the State of Missouri".

■■ The credibility of the testimony is a matter for the trial judge to determine and unless something appears to show that the determination by the trial judge was manifestly erroneous, the trial judge, who had an opportunity to see and to hear each witness, should be upheld. (*People v. Alden*, 15 Ill.2d 498; *People v. Davies*, 10 Ill.2d 11.) Only two witnesses testified, the defendant and his court-appointed attorney. Their testimony, plus the failure of any affidavits to be attached to the petition, was more than ample grounds for the trial judge to dismiss the petition.

■■ The defendant's post-conviction petition brought no showing of any violations of defendant's constitutional rights; therefore, the judgment of the Circuit Court of St. Clair County dismissing the defendant's post-conviction petition is affirmed.

Judgment affirmed.

G. MORAN, P. J., and CREBS, J., concur.