THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OLLIE HAMMONDS, Defendant-Appellant.

(No. 73-227;

Fifth District—July 18, 1974.

Robert E. Farrell, of Mt. Vernon, and Steven Clark, of Chicago, both of the State Appellate Defender's Office, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant was convicted in the Circuit Court of Madison County of attempted murder and attempted armed robbery. He was sentenced to serve concurrent terms of 17 to 20 years for attempted murder and 3 to 6 years for attempted armed robbery. On direct appeal this court affirmed the convictions but vacated the sentences and remanded for resentencing pursuant to the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 et seq.). People v. Hammonds, 12 Ill.App.3d 340, 297 N.E.2d 748.

On July 18, 1973, the defendant was resentenced by the Circuit Court of Madison County to concurrent terms of 8 to 17 years for attempted murder and 2 to 6 years for attempted armed robbery. The circuit court did not hold an evidentiary hearing of any type before resentencing the defendant. The court merely took cognizance of article 8 of chapter V of the Unified Code of Corrections and modified the sentences accordingly. The defendant was represented by the Public Defender at the time of the resentencing.

The defendant appeals from the resentencing order and alleges that: (1) he was not sentenced in compliance with the Unified Code of Corrections, and (2) convictions for both offenses cannot stand because both alleged offenses arose from the same conduct.

No Illinois case has been found in which the court considered the propriety of a resentencing procedure. It seems obvious, however, that the sentencing procedures of the Unified Code of Corrections should apply to a resentencing as directed by our prior opinion. In the prior opinion the court held: "* * * and remand for sentencing under the Unified Code of Corrections. Ill. Rev. Stat. ch. 38, § 1001—1—1 et seq." 12 Ill.App.3d at 346.

The Circuit Court of Madison County failed to comply with several provisions of the Code when the defendant was resentenced. Section

5—3—1 of the Code (Ill. Rev. Stat., ch. 38, par. 1005—3—1) provides that a defendant shall not be sentenced before a written presentence report of investigation is presented to and considered by the court when the defendant is convicted of a felony. In the instant case there is no indication that a presentence report was prepared at any time, and the record does not reflect a waiver by the defendant of that report, as allowed by the Code.

■■ The State contends that, since the original sentencing of the defendant was prior to the effective date of the Unified Code of Corrections, no presentence investigation was required. The State cited two cases for the proposition that it was not error for the court to refuse to order a presentence investigation in cases in which the defendant was sentenced before the Unified Code of Corrections became effective. (*People v. Brezezinski,* 15 Ill.App.3d 509, 305 N.E.2d 32; *People v. Robinson,* 13 Ill.App.3d 506, 301 N.E.2d 55.) In the *Robinson* case the court held that, even though the Code became effective while the appeal was pending, the cause did not have to be remanded for resentencing merely because a presentence investigation had not been ordered. Neither of the cases cited by the State, however, considered the issue now before the court. In both cases the appellate court considered the propriety of the sentence imposed prior to the Code—not the propriety of a resentencing imposed subsequent to the Code. When a felony conviction is remanded for resentencing, section 5—3—1 of the Unified Code of Corrections is applicable whether the original sentencing was prior to or subsequent to the effective date of the Code. The opposite holding would mean that, when a cause in which the original sentencing was prior to the Code is remanded for sentencing in compliance with the Code, it actually would be remanded for sentencing in partial compliance with the Code. Such a decision is not supported by logic and reasoning.

Section 5—4—1 of the Code provides that:

"(a) After a determination of guilt a hearing shall be held to impose the sentence. At the hearing the court shall:

(1) consider the evidence, if any, received upon the trial;

(2) consider any presentence report;

(3) consider evidence and information offered by the parties in aggravation and mitigation;

(4) hear arguments as to sentencing alternatives; and

(5) afford the defendant the opportunity to make a statement in his own behalf."

In the instant case a sentencing hearing of the type envisioned by the above section was not held. The court did not consider any evidence introduced at the trial. There was no presentence report prepared for con-

sideration. No evidence was offered in aggravation and mitigation, and no arguments as to sentencing alternatives were made. Finally, the court did not ask the defendant if he wished to make a statement in his own behalf.

■■ The State infers that no sentencing report was required upon resentencing because a hearing in aggravation and mitigation pursuant to section 1—7(g) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 1—7(g)) was held prior to the original sentencing. However, the trial judge who conducted the resentencing was not the same judge who presided at the jury trial of the defendant, which was held in October, 1970. The transcript of that proceeding wherein the defendant was found guilty by a jury has not been included in this record, and there is absolutely no indication that upon resentencing the trial judge relied upon any of the previous trial record. When a cause is remanded for resentencing, the circuit court should be required to comply with all of the sentencing provisions of the Unified Code of Corrections. Section 5—4—1 was not complied with in any respect.

The trial court also failed to comply with section 5—8—1(c)(2) of the Code, which states:

> "For a Class 1 felony, the minimum term shall be 4 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term."

The defendant in the instant case was resentenced to a minimum term exceeding 4 years for the offense of attempted murder, a Class 1 felony. The trial court did not consider either the nature and circumstances of the offense or the history and character of the defendant prior to imposing sentence. When this court remanded the cause for resentencing, it mentioned the requirements of section 5—8—1(c)(2). Finally, the circuit court also failed to comply with section 5—8—1(c)(3). That provision states:

> "For a Class 2 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of defendant, sets a higher minimum term * * *."

Armed robbery is a Class 1 felony. Under the provisions of section 8—4(c)(2) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 8—4 (c)(2)) the sentence for an attempt to commit a Class 1 felony shall not exceed the sentence for a Class 2 felony. The defendant should not have been sentenced to a minimum term exceeding 1 year unless the court considered the nature and circumstances of the offense and the

history and character of the defendant. The court did not make these considerations.

■■ The circuit court of Madison County in resentencing the defendant failed to comply with sections 5—3—1, 5—4—1, 5—8—1(c)(2), and 5—8—1(c)(3), and therefore, the cause is remanded for resentencing in compliance with all of the provisions of the Unified Code of Corrections.

The defendant also contends that the attempted-armed-robbery conviction should be reversed because both offenses arose from the same conduct. The only information tending to prove or disprove the allegation that both offenses arose from the same conduct is the short statement of facts included in this court's earlier opinion. The defendant failed to raise the issue now presented, however, in his original direct appeal, although he could have done so. It is well settled that all issues which could have been raised on direct appeal but which were not raised are waived. (*People v. Kamsler*, 40 Ill.2d 532, 240 N.E.2d 590.) Of course, the waiver rule may be relaxed in the instances where fundamental fairness so requires. *People v. Hamby*, 39 Ill.2d 290, 235 N.E.2d 572; *People v. McCarroll*, 10 Ill.App.3d 249, 294 N.E.2d 52.

■■ This is not a case in which the waiver rule should be relaxed. If the issue had been raised on the prior direct appeal, this court would have had the benefit of the entire record in determining whether both alleged offenses arose from the same conduct. Considering the issue in this proceeding, the court must rely entirely upon its previous opinion in determining the facts of the situation. It is possible that, while the facts of the situation set out in this court's previous opinion may suggest that both alleged offenses arose from the same conduct, there may have been additional facts revealed in the record which would alter that conclusion. Consequently, the issue concerning the propriety of separate sentences has been waived.

The judgment of the Circuit Court of Madison County is affirmed, but this cause is remanded to Madison County with directions to the circuit court to conduct a new sentencing hearing under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, sec. 1001—1—1 *et seq.*).

Conviction affirmed, sentences vacated, and cause remanded.

G. MORAN, P. J., and EBERSPACHER, J., concur.