THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT L. ROBINSON, Defendant-Appellant.

(No. 71-238;

Fifth District—January 28, 1975.

G. MORAN, J., dissenting.

Robert Farrell and Brenda Richey, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Byron L. Connel, State's Attorney, of Mound City (Ralph J. Meldelsohn, of Model State's Attorneys Support Unit, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Albert "Preacher" Robinson, from an order entered by the circuit court of Pulaski County denying defendant's petition for post-conviction relief, after holding an evidentiary hearing.

On January 14, 1963, an indictment was returned charging the defendant with the offense of murder. At the proceedings heard at the preliminary inquiry the defendant's retained counsel advised the trial court that in his opinion the defendant was incompetent to the extent that he was unable to cooperate with his counsel in assisting in his defense. Whereupon the trial court continued the case "until such time as a jury can be empanled [sic] pursuant to law to determine the matter of the sanity of Albert L. Robinson before plea and before trial." Although the transcript of this competency hearing is not "presently available," the "minutes of the court" as recorded in the common-law record reveal that a jury was impanelled, that the defendant called one witness, that people's instruction number one was given without objection, that oral argument was waived, and that the jury returned the following finding: "We, the jury find that the defendant, Albert L. (Preacher) Robinson, was sane at the empaneling of this jury, and is now sane." The common-law record includes a copy of this finding signed by the 12 jurors, together with a copy of people's instruction number one.

The defendant continued to be represented by his retained counsel,

who was present and represented him at the proceedings conducted on February 18, 1963, wherein the defendant entered his plea of guilty. The trial court accepted defendant's plea of guilty, entered a judgment of conviction, and, upon the recommendation of the State's attorney, sentenced the defendant to serve not less than 15 years nor more than 45 years in the penitentiary. From the trial court's entry of the judgment of conviction of February 18, 1963, until February 16, 1970, when the defendant first requested transcripts of the foregoing proceedings, the defendant was incarcerated in the penitentiary. During this period he did not attempt to perfect any appeal from this judgment of conviction. And, only after a lapse of over 7 years has the defendant perfected his request for post-conviction relief pursuant to section 122—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 122—1).

On April 15, 1970, defendant filed a pro se petition for post-conviction relief, alleging that his constitutional rights had been abridged in the following respects: (1) The defendant's "competency" hearing had been improperly conducted and no record of said hearing was available for review; (2) the defendant was not advised by the trial court of his right to appeal; and (3) defendant's counsel provided inadequate representation. Counsel was appointed to represent the defendant and, on December 11, 1970, an amendment was filed to supplement the original pro se petition. The amendment alleged that: (1) The defendant was not indicted in a manner consistent with the Illinois Constitution; (2) the defendant could not understandingly have entered a plea of guilty since defendant was substantially denied a jury trial on whether or not he was sane, and further, that the instruction given the jury was so fundamentally unfair as to have denied the defendant due process of law; and (3) the defendant was denied adequate assistance of counsel. After the State's motion to dismiss was denied, the State filed an answer and, on April 5, 1971, an evidentiary hearing was held by the trial court. The evidentiary hearing was continued until April 7, 1971. The defendant and Dr. Burton Bagby testified at the evidentiary hearing with respect to their recollection of the circumstances surrounding the defendant's sanity hearing conducted on February 18, 1963. The defendant testified that he was in the courtroom on the morning of February 18, 1963, that there was a group of people in the jury box, that he did not sit at the counsel table, that Dr. Bagby was present in the courtroom, that Dr. Bagby came over and spoke to him, but that the doctor did not take the witness stand and testify, that he was there when the jury went out, and that when they returned a short time later they handed a piece of paper to the judge. Dr. Bagby testified that he had known the defendant since his childhood, that he was called to testify on February 18, 1963,

but that he had forgotten why he had been called, that he recalled talking to both the defendant and his attorney, but that he did not recall testifying. Under cross-examination, the doctor stated that if he had testified, he would only have spoken about the normal course of events in growing up together with the defendant. There is no record that any other witnesses were called to testify at the defendant's sanity hearing. The State introduced the common-law record of the sanity hearing, together with the finding of sanity signed by the 12 jurors and the transcripts of the proceedings on February 14, 1963, and February 18, 1963, wherein the defendant pled guilty.

In an order entered April 8, 1971, the trial court denied the defendant's request for post-conviction relief; therein, the trial court made the following findings: (1) The defendant was not given a transcript of the hearing on his competency and that no transcript is presently available, (2) the petitioner was not advised of his right to appeal from the judgment of the court finding him guilty, after a plea of guilty, of the offenes of murder, (3) neither of these findings, (1) or (2), constituted a denial of the defendant's constitutional rights, (4) the defendant's counsel was competent and of the defendant's own choosing, (5) a valid indictment was returned against the defendant, (6) a sanity hearing was held on February 18, 1963, before a jury, duly selected by law, and properly instructed, (7) the jury returned a signed verdict that the defendant was sane at the time of the impanelling of such jury, and was sane on February 18, 1963, (8) thereafter the defendant knowingly and understandingly entered a voluntary plea of guilty to said indictment, and (9) the defense counsel was not incompetent so as to deny defendant of his right to counsel as required by the Constitution.

In this appeal the defendant contends that the trial court erred when it denied the defendant's "petition for post-conviction relief alleging that he had been denied due process of law in the 1963 hearing to determine if he was competent to stand trial." More particularly, the defendant contends that (1) he "did not receive effective assistance of counsel at his 1963 competency hearing," (2) the trial "court failed to insure that the defendant received a fair and adequate hearing on the question of his competency to stand trial," and (3) the "instruction submitted to the jury on the question of the defendant's competency improperly stated the law."

■ 1-5 We particularly note that here there was no direct appeal and that defendant entered a plea of guilty which is not alleged to have been entered involuntarily, although defendant contends the plea *could not have* been voluntarily entered. Points that could have been raised on direct appeal, even though of constitutional dimension, may be waived

for post-conviction purposes, unless fundamental fairness requires otherwise. (*People v. Brown*, 52 Ill.2d 227, 287 N.E.2d 663; *People v. Hammonds*, 21 Ill.App.3d 5, 314 N.E.2d 711); and a constitutional right, like any other right of an accused, may be waived, and a voluntary plea of guilty waives errors or irregularities that are not jurisdictional. (*People v. Newell*, 41 Ill.2d 329, 243 N.E.2d 200.) Defendant does not here contend that the court had no jurisdiction to accept his plea. It is not within the purpose of the Post-Conviction Hearing Act to have claims considered which could have been presented on direct review of the conviction. (*People v. Myers*, 46 Ill.2d 270, 263 N.E.2d 113; *People v. Armes*, 37 Ill.2d 457, 227 N.E.2d 745.) Defendant does not here contend that he was denied a direct appeal because of the absence of a transcript in 1963 when he could have perfected a direct appeal. Furthermore, as we said in *People v. Jackson*, 19 Ill.App.3d 404, 406, 311 N.E.2d 714; "The right of appeal in a criminal case and the denial of a transcript are not per se constitutional questions."

■■■ Before addressing the defendant's contentions we believe it is necessary to review the general purposes and requirements of our Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*). The Post-Conviction Hearing Act provides a remedy which is civil in nature and in which the defendant has the burden of proving that he was deprived of a substantial constitutional right. (*People v. Thomas*, 51 Ill.2d 39, 280 N.E.2d 433.) Generally, claims which were or could have been raised on direct appeal may not later be raised in a petition for post-conviction relief. (*People v. Brown*, 52 Ill.2d 227, 287 N.E.2d 633.) Save fundamental fairness, "Any claim of substantial denial of constitutional rights not raised in the original or amended petition is waived." (Ill. Rev. Stat. 1969, ch. 38, par. 122—3.) Failure to raise the contention that the record fails to affirmatively show that a defendant's plea was knowingly and voluntarily entered in defendant's original or amended petition for post-conviction relief constitutes a waiver. (*People v. Caldwell*, 55 Ill.2d 152, 304 N.E.2d 292; *People v. Barber*, 51 Ill.2d 268, 281 N.E.2d 676. See also *People v. Williams*, 52 Ill.2d 466, 288 N.E.2d 353.) Accordingly, we find that the defendant's failure to raise any contention regarding the inadequacy of the trial court's admonitions in his pro se post-conviction petition, in his supplemental post-conviction petition (filed by his appointed counsel) or on this appeal constitutes a waiver of this contention, and since such waiver is not precluded by fundamental fairness (see *People v. Caldwell; People v. Williams; People v. Barber*), we will not consider this issue, on our own initiative, for the first time on this appeal from the denial of post-conviction relief. Having

thus decided, we will limit our review to those issues presented by the defendant on this appeal.

■■ As noted previously, the defendant's claim for post-conviction relief centers around the hearing on his competency, held on February 18, 1963. The defendant's counsel and the State's attorney, by means of the common-law record and the testimony of the defendant and Dr. Bagby, were able to reconstruct the general format and content of the defendant's 1963 competency hearing, at the evidentiary hearing on the defendant's post-conviction petition. Ordinarily, we would resolve any conflicts in the evidence proffered at the evidentiary hearing in favor of the State since the defendant has the burden of proof in a post-conviction hearing and, further, since the trial court found the defendant's proof insufficient upon which to grant relief. We believe, however, that it would be fundamentally unfair to place such a heavy burden on the defendant in the instant case in view of the unavailability of a transcript to the defendant's 1963 competency hearing.

■■ We acknowledged the extreme importance of a trial transcript in *People v. Bonn*, 19 Ill.App.3d 443, 311 N.E.2d 766, wherein we noted that "[t]he purpose of a free transcript is to enable a *defendant* to review the proceedings in order to perfect his appeal or, as in this case, his petition for post-conviction relief." (19 Ill.App.3d 443, 444-45, 311 N.E. 2d 766, 768.) We have seriously considered whether the absence of a transcript in the instant case resulted, *ipso facto*, in the denial of the defendant's constitutional right to review the proceedings and perfect his request for post-conviction relief. However, Supreme Court Rule 323(c), (d) allows for the preparation of a record by alternative means where no verbatim transcript is available. (Ill. Rev. Stat. 1969, ch. 110A, par. 323(c), (d).) And, unless a defendant makes out a colorable need for a verbatim record of a criminal proceeding, an "alternative" record may be sufficient. See *Mayer v. City of Chicago*, 404 U.S. 189, 30 L.Ed.2d 372, 92 S.Ct. 410. See also *People v. Kline*, 16 Ill.App.3d 1017, 307 N.E.2d 398.

■■ In the instant case neither the defendant's contentions nor his argument in support thereof make out even a colorable need for verbatim record, *i.e.*, a transcript, of his 1963 competency hearing. As noted by our supreme court in *People v. McKinstray*, 30 Ill.2d 611, 198 N.E.2d 829,

"Insanity which bars trial of an accused has been defined as inability to understand the nature of the crime charged or inability to reasonably and rationally defend against such charge, including cooperation with counsel. (*People v. Burson*, 11 Ill.2d 360, 369, 143 N.E.2d 239.) In a pretrial sanity hearing the defendant is required to offer evidence sufficient to rebut the presumption of

his sanity, and then it is incumbent upon the People to prove his sanity by a preponderance of the evidence. *People v. Bender,* 20 Ill.2d 45, 169 N.E.2d 328." (30 Ill.2d 611, 615, 198 N.E.2d 829, 832.)

Hence, in order for the State to have any burden in a pretrial sanity hearing, the defendant must offer evidence sufficient to rebut the presumption of his sanity. Not only does the record before us fail to show that the defendant rebutted the presumption of his sanity, but the defendant does not even suggest that he offered evidence sufficient to rebut this presumption or that such evidence was available at the time of his competency hearing. The only indication of the defendant's incompetency must be derived from defense counsel's statement at the preliminary inquiry that in his opinion the defendant was unable to cooperate with counsel and assist in his defense. Our supreme court in *People v. Slaughter,* 46 Ill.2d 114, 262 N.E.2d 904, held that a mere statement by defense counsel that defendant could not cooperate with him does not create such a bona fide doubt as to draw the defendant's competency in question and require a competency hearing. Thus, even if defense counsel had reiterated this opinion at defendant's competency hearing, it would not be sufficient to rebut the presumption of sanity.

■■■■ Although the defendant raises three particular instances which he contends denied him his constitutional right to a properly conducted competency hearing, incompetency of counsel, the failure of the court to ensure a fair hearing, and erroneous instructions, none of these errors, if they may be said to exist at all, constituted prejudicial error. In *People v. Farnsley,* 53 Ill.2d 537, 293 N.E.2d 600, our supreme court stated:

> "The burden is on the defendant to clearly set forth in what respect his constitutional rights were violated and support the allegations with affidavits, records, or other evidence which establishes a violation of these rights. Absent such a showing, a petition may be dismissed without a hearing. (*People v. Pierce,* 48 Ill.2d 48, 50, 268 N.E.2d 373.)" (53 Ill.2d 537, 549, 293 N.E.2d 600, 608.)

This position was further amplified by the court in *People v. Harris,* 55 Ill.2d 15, 302 N.E.2d 1, where it stated:

> "The defendant was offered a full hearing. He chose not to present additional evidence to support his contentions. The burden is upon the defendant to prove he has been denied his constitutional rights. (*People v. Watson* (1972), 50 Ill.2d 234, 236, 278 N.E.2d 79.) Wide latitude is offered as to the method of presenting evidence. (Ill. Rev. Stat. 1967, ch. 38, par. 122.6.) Absent any evidentiary basis to support the defendant's allegations, we must

conclude that the trial court was correct in denying the relief sought in the petition. We may not disturb the decision unless it was manifestly erroneous. *People v. Stanley* (1972), 50 Ill.2d 320, 322, 278 N.E.2d 792; *People v. Stone* (1970), 45 Ill.2d 100, 105, 256 N.E.2d 803." (55 Ill.2d 15, 17-18, 302 N.E.2d 1, 3.)

While we are reluctant to place such a heavy evidentiary burden upon the defendant in the instant case, the defendant's failure to *clearly allege* either the introduction of evidence which would tend to show the defendant's insanity at the time of its hearing or its availability prevents our finding that any of the three alleged instances of error prejudiced the defendant. See *United States ex rel. Feely v. Ragen* (7th Cir. 1948), 166 F.2d 976; *People v. Reeves*, 412 Ill. 555, 107 N.E.2d 861.

■■ In other words, before the unobjected to instruction, alleged to be erroneous, can be said to have prejudiced the defendant, it must be established that defendant proffered sufficient evidence to rebut the presumption of his sanity. Although the "minutes" recorded in the common-law record reflect that the defendant called one witness, which the State contends was Dr. Bagby, who admits being present at the defendant's 1963 competency hearing, the defendant testified at his evidentiary hearing that Dr. Bagby did not testify. The defendant has made no attempt to establish that any witness was called in his behalf and, in fact, much of his argument is premised upon the fact that no evidence was offered in his behalf. Dr. Bagby testified that, although he did not recall testifying, if he testified in 1963 he would have only have spoken about the normal course of events in growing up together with the defendant. Under such circumstances we can only conclude that if any evidence was presented on behalf of the defendant it would have been the testimony of Dr. Bagby, which, according to Dr. Bagby, would have only concerned growing up together with the defendant and, therefore, would have been insufficient to rebut the presumption of the defendant's sanity and shift the burden of going forward with the evidence to the State. Consequently, any error in the tendered instruction would not have prejudiced the defendant and would have been harmless error.

■■ Similarly the defendant's allegations that his counsel was incompetent and that the trial court was derelict in its duty of ensuring defendant a fair competency hearing are insufficient to grant the relief sought. This is true because the defendant has failed to allege what additional evidence, if any, was available to rebut the presumption of his sanity at the time of his 1963 competency hearing. In the absence of, at least, an allegation of the existence of evidence which could have been elicited by defendant's counsel or the trial court, we are unable to say that action,

or inaction, of either the defendant's chosen counsel or the trial court denied the defendant his constitutional right to due process cognizable under the Post-Conviction Hearing Act.

Having determined that the defendant has failed to allege sufficient facts to establish any prejudicial error, much less the substantial denial of a constitutional right, and, further, having found that the unavailability of a transcript did not, under the facts alleged by the defendant, result in any undue prejudice to the defendant, we affirm the order entered by the circuit court of Pulaski County denying the defendant's request for post-conviction relief.

Order affirmed.

CREBS, J., concurs.

Mr. JUSTICE GEORGE MORAN, dissenting:

The defendant was charged with the crime of murder, and when he first appeared for arraignment his lawyer advised the trial court that in his opinion defendant was incompetent to the extent that he was unable to cooperate with his counsel in assisting in his defense. The trial court then continued the case for a competency hearing. At the competency hearing the defendant introduced one witness, and the case was then submitted to a jury which found him competent to stand trial. After the competency hearing the trial court informed the defendant that they had been going through the form of having a competency hearing that morning and that the jury found him sane and capable of going to trial and that his lawyer had advised the trial court that defendant desired to plead guilty. The trial court then advised him that the grand jury had indicted him for killing with a gun without legal justification; that he was entitled to a jury trial, to the services of an attorney and that upon his plea of guilty the trial court could sentence him to an indeterminate term of not less than 14 years. The trial court then accepted defendant's plea of guilty and, following the recommendation of the State's attorney, sentenced to a minimum of 15 years and a maximum of 45 years in the penitentiary.

Defendant did not file a direct appeal, but filed a petition under the Post-Conviction Hearing Act. Prior to the time of the post-conviction proceeding, the defendant tried to obtain a transcript of the evidence heard during his competency hearing, but was informed by the court reporter that the notes had been destroyed.

Both parties agree that only one witness testified at defendant's competency hearing, a Dr. Burton Bagby, who was called as a witness at the evidentiary hearing on defendant's post-conviction proceeding. He

testified that he had known the defendant since childhood. He had been called to testify at the sanity hearing but did not remember what his testimony was, although he remembered talking to defendant and his lawyer on the day of the competency hearing. Defendant testified that he was in the courtroom on the morning of February 18, 1963, and that there was a group of people in the jury box. He did not sit at the counsel table. He stated that he saw Dr. Bagby there that morning and that Dr. Bagby came over and spoke to him, but that the doctor did not testify. He said he was there when the jury went out and that when they returned they handed a piece of paper to the judge.

I conclude that the lack of a transcript cannot be blamed on the defendant, as the parties at the post-conviction proceeding did their best to reconstruct the testimony heard at the competency hearing with no success. At the conclusion of the post-conviction proceeding, the trial court stated:

"From my understanding of the law, the party who alleges incompetency to stand trial has the burden of proof. That was this defendant's burden and the jury found that he did not sustain it. Now, what the jury considered, the Court does not know from the record, but the verdict was returned."

The trial court then, on the same day, entered an order finding among other things that defendant was not given a transcript of the hearing on his competency and that none was available. The trial court further found that after the jury found defendant competent to stand trial, he knowingly and intelligently entered a voluntary plea to the indictment.

In my opinion, the record does not affirmatively disclose that the defendant entered his plea knowingly and understandingly as required by *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709. In *People v. Reeves*, 50 Ill.2d 28, our supreme court said at pages 29-30:

"The constitutional requirement, both *pre* and *post Boykin*, is that a plea of guilty be 'intelligent and voluntary.' *Boykin* adds the requirement that if the guilty plea is to withstand appellate or post-conviction review 'the record must affirmatively disclose that the defendant who pleads guilty enters his plea understandingly and voluntarily.' [Citation.] This requirement has been in effect in Illinois since 1948. See former Rule No. 27A, 400 Ill. 22."

In the presentence hearing the trial court did not explain the nature of the charge to the defendant, and no determination was made as to whether or not any force or threats or any promises were made to the defendant to obtain his plea. The record does not otherwise disclose that defendant's plea was knowingly and voluntarily made. This case is very similar to the case of *People v. Meredith*, 21 Ill.App.3d 305, 314 N.E.2d

612, wherein we remanded with instructions to allow the defendant to plead anew.

We should also reverse and remand because of the lack of a transcript of the evidence heard during defendant's competency hearing, since its absence may not reasonably be attributed to the defendant. In *People v. Couvion*, 33 Ill.2d 408, our supreme court said at pages 410-11:

> "The absence of a transcript may not reasonably be attributed to defendant, as it is the clear statutory duty of the duly appointed court reporter to ' * * * take full stenographic notes of the evidence in *all* trials and proceedings in the court for which he is appointed, and furnish forthwith one transcript of the same, correctly made, to either party to the suit or proceedings upon the request of such party or his attorney.' (Emphasis ours.) (Ill. Rev. Stat. 1961, chap. 37, par. 331, as amended by act approved July 5, 1957). Under the peculiar circumstances here prevailing, the order of commitment can not stand in the absence of a showing that defendant actually *was* made aware of his right to be represented by counsel upon proof of indigence."

Through no fault of the defendant, we are unable to review whether or not the verdict of the jury finding the defendant competent was sustained by the evidence, because of the lack of a transcript.

This case is now wide open for a habeas corpus proceeding in the Federal court. *Carroll v. Beto* (5th Cir. 1970), 421 F.2d 1065.

For the foregoing reasons I dissent from the majority in this case.