Luis Antonio MONTES,
Petitioner-Appellant,

v.

Leo D. JENKINS, Warden, Indiana State
Prison, Respondent-Appellee.

William F. SANDERS,
Petitioner-Appellant,

v.

Jack DUCKWORTH, Warden, Indiana
State Prison, Respondent-Appellee.

Nos. 78–1128, 78–1135.

United States Court of Appeals,
Seventh Circuit.

Argued June 13, 1978.

Decided July 13, 1978.

James P. Martin (law student), Chicago, Ill., for petitioners-appellants.

Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, Ind., for respondents-appellees.

Before TONE and WOOD, Circuit Judges, and CAMPBELL, Senior District Judge.*

WILLIAM J. CAMPBELL, Senior District Judge.

In each of these consolidated cases the district court summarily dismissed an application for writ of habeas corpus. In so doing, the district court ignored factual allegations in the petitions and supporting documents tending to create a factual dispute, and relied exclusively on the existence of facts as set forth in the opinion of the Indiana Supreme Court affirming each petitioner's conviction. We reverse.

In No. 78–1128 petitioner-appellant Montes was found guilty of second degree murder after a jury trial in Marion County, Indiana, and was sentenced to life imprisonment. His direct appeal to the Indiana Supreme Court resulted in affirmance, *Montes v. State*, 263 Ind. 385, 332 N.E.2d 786 (1975). Thereafter, petitioner applied *pro se* to the district court for a writ of habeas corpus, alleging as grounds therefor substantially the same contentions urged in his direct appeal. In contrast to the Indiana Supreme Court's statement that Montes was given an advisement of rights in accordance with *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), prior to police questioning, and that he signed an appropriate waiver, (*Montes v. State, supra*, 332 N.E.2d at 789), petitioner asserted in his "Memorandum in Support" of the application for the writ that he had asked for counsel, but that none was provided, and that he was questioned about discrepancies in his initial statement without any prior *Miranda* warnings.

In No. 78–1135 a jury in Allen County, Indiana, found petitioner-appellant Sanders guilty of first degree murder. Sanders was sentenced to life imprisonment. On direct appeal the Indiana Supreme Court affirmed, *Sanders v. State*, 259 Ind. 43, 284 N.E.2d 751 (1972). Petitioner then applied to the district court for a writ of habeas corpus. In his *pro se* petition Sanders asserted that he was informed that he could have counsel present during custodial interrogation, but that he was not informed that in the event he was unable to provide private counsel, appointed counsel would be present. In contrast, the Indiana Supreme Court indicated that on three occasions prior to any interrogation, petitioner was informed of his constitutional rights. The Court noted that the warnings were sufficient to satisfy the requirements of *Miranda*. (284 N.E.2d at 753–755).

The Indiana Supreme Court's opinion further indicates that after these adequate warnings, but prior to the taking of written statements, petitioner was advised of his rights by means of forms used by the Fort Wayne Police Department which omitted any reference to petitioner's right to court-appointed counsel. As we read the petition and the "Memorandum In Support" attached thereto, Sanders' assertion that he was not informed of his right to court-appointed counsel contradicts the Indiana Supreme Court's statement that Sanders was adequately apprised of his constitutional rights three times, and that he chose to waive his rights three times.

Upon motion of the respondent, the district court dismissed each petition for failure to exhaust state remedies, and, reaching the merits of the allegations of each petition, found that petitioners were not in custody in violation of the Constitution.

I.

Under 28 U.S.C. § 2254(b) and (c), a prerequisite to a successful application for a writ of habeas corpus is the requirement

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

that the applicant exhaust the remedies available in the courts of the state in which the applicant was convicted. But, such remedies must be effective to protect the rights of the prisoner. 28 U.S.C. § 2254(b); *United States ex rel. Williams v. Brantley,* 502 F.2d 1383 (7th Cir. 1974).

■ Indiana provides for collateral review of convictions through *Indiana Rules,* Post-Conviction Remedy Rule 1, which provides in relevant part:

"§ 1(a) Any person who has been convicted of or sentenced for, a crime by a court of this state, and who claims (1) that the conviction or the sentence was in violation of the Constitution of the United States . . . may institute at any time a proceeding under this rule to secure relief."

In a Post-Conviction Remedy Rule 1 proceeding in which the convicted person claims constitutional violations which were raised, considered, and determined upon direct appeal, the respondent State of Indiana may defend on the grounds of prior adjudication or res judicata. *Gross v. State,* Ind. App., 320 N.E.2d 817 (1975); *Layton v. State,* Ind., 307 N.E.2d 477 (1974). The district court ruled, and the respondents contend here, that Montes and Sanders had to present their claims to the Indiana courts by way of a Post-Conviction Remedy Rule 1 proceeding before instituting habeas corpus proceedings in federal court under § 2254. Had Montes and Sanders done so, we have no doubt that the respondent would defend the Rule 1 proceeding on the grounds of prior adjudication on direct appeal or res judicata, as suggested in the *Gross* case. Such a procedure would be futile, and certainly would not be an effective state remedy.

■ In view of the fact that the allegations of each petition are substantially identical to the contentions urged in each petitioner's direct appeal to the Indiana Supreme Court, and in view of the Indiana

law with respect to the bar of res judicata in Post-Conviction Remedy Rule 1 cases, we conclude that proceedings under that Rule in each of these cases would have been ineffective to protect the rights of the petitioners, and petitioners need not have exhausted this remedy. These cases thus present situations strikingly similar to *United States ex rel. Williams v. Brantley, supra,* 502 F.2d 1383, where the Illinois Post-Conviction Hearing Act was found to be an ineffective remedy due to the state court's judicial interpretation of that Act.

## II.

■ In *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the Supreme Court announced the standard governing the question of when an evidentiary hearing was required in federal habeas corpus cases. The Court held that generally the district court must conduct an evidentiary hearing when the facts are in dispute if the applicant did not receive a full and fair hearing in the state court. *Id.,* at 312, 83 S.Ct. 745.[1] The Court then particularized the general rule, delineating several categories of specific circumstances which call for a mandatory hearing. Among the circumstances enumerated is the following situation: "(2) the state's factual determination is not fairly supported by the record as a whole." *Id.,* at 313, 83 S.Ct. at 757. Such determinations are not conclusive of federal rights, and where, as here, there is an allegation of the facts which is contrary to the state court determination, careful scrutiny of the state court record is required. *Id.,* at 316, 83 S.Ct. 745.

The criteria established by *Townsend* were incorporated into the 1966 Amendments to 28 U.S.C. § 2254(d). That section now provides in relevant part that the determination of a factual issue evidenced by a written opinion of the state court is presumed correct unless the pertinent part of

---

1. The Court said further,
   "In all other cases where material facts are in dispute, the holding of [an evidentiary] hearing is in the discretion of the district judge."
   372 U.S. at 318, 83 S.Ct. at 760.

the record is produced[2] and the district court concludes that the factual determination is not fairly supported by the produced record.

In each of the instant cases, the district court did not review the state court record, but relied solely on the factual determinations expressed in the Indiana Supreme Court's opinions in reaching the merits of the petitioners' habeas corpus claims. If no factual issues were raised by the petitions in these cases, we have no doubt that the district court's reliance on the state court's opinions would have been proper. 28 U.S.C. § 2254(d); *United States ex rel. Burage v. Pate*, 316 F.2d 582, 584 (7th Cir. 1963); *United States ex rel. James v. Follette*, 431 F.2d 708, 709 (2d Cir. 1970) *cert. denied*, 401 U.S. 979, 91 S.Ct. 1209, 28 L.Ed.2d 329 (1971). But, because the petitions and supporting documents in each of these cases allege facts which contradict the Indiana Supreme Court's description of the relevant facts, it was incumbent upon the district court to ascertain by a review of pertinent parts of the state court record whether the factual determination was fairly supported by that record, or whether an evidentiary hearing was necessary.[3] *Fay v. Noya*, 372 U.S. 391, 422, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Nelson v. People of State of California*, 346 F.2d 73, 77 (9th Cir. 1965); See also: Rule 8, Rules Governing Section 2254 Cases, 28 U.S.C. foll. Section 2254.

Accordingly, for the reasons stated herein, the orders of dismissal of the district court are reversed and the causes are remanded for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.

2. Where an applicant for the writ challenges the sufficiency of the evidence adduced in the state court proceeding, the pertinent part of the record is to be produced by the applicant, if able, or the state. 28 U.S.C. § 2254(b).

3. We do not intimate that the district court *must conduct an evidentiary hearing whenever* the petition for a writ of habeas corpus by a person in state custody alleges facts arguably contrary to the facts expressed in a state court opinion. Rather, the Rules Governing Section

2254 Cases, 28 U.S.C. foll. Section 2254, provide several measures which, if utilized, may provide the district court a factual basis obviating the need for an evidentiary hearing. Those measures include the use of discovery (Rule 6), expansion of the record (Rule 7), and reference to a magistrate (Rule 10); 28 U.S.C. § 636(b)(2)(3). See: *Blackledge v. Allison*, 431 U.S. 63, 81–83, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).