**UNITED STATES of America ex rel. Rommel X. WILSON, Petitioner-Appellee, Cross-Appellant,**

v.

**WARDEN, ILLINOIS STATE PENITENTIARY, Respondent-Appellant, Cross-Appellee.**

**Nos. 78–1560, 78–1561.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 27, 1978.

Decided Feb. 21, 1979.*

Rehearing and Rehearing In Banc Denied June 11, 1979.

---

* This appeal was originally decided by unreported order on February 21, 1979. See Circuit Rule 35. On petition for rehearing, all members of the original panel voted to deny the petition. On petition for rehearing en banc, only Judge Swygert voted to grant the petition. At Judge Swygert's request, the decision is issued as an opinion, with his dissent attached.

Kenneth N. Flaxman, Chicago, Ill., for petitioner-appellee, cross-appellant.

Melbourne A. Noel, Jr., Chicago, Ill., for respondent-appellant, cross-appellee.

Before TONE, Circuit Judge, WISDOM, Senior Circuit Judge,** and BAUER, Circuit Judge.

PER CURIAM.

The appellant Rommel X. Wilson and co-defendant Ronald Burbank were charged in a three count indictment for the murder of a shoe store proprietor named Mihran Bo-

ghosian. Each count of the indictment was based on a separate theory of murder under Illinois law: (1) intentionally and knowingly killing Boghosian without lawful justification; (2) shooting Boghosian with the knowledge that such action created a strong possibility of death or great bodily harm; and (3) killing Boghosian in the course of committing a felony.

■ While neither defendant took the stand at trial, police officers testified to oral admissions that each had allegedly made concerning the facts of the incident. According to police testimony, Burbank admitted that he and Wilson had planned to rob the store, and that Wilson had shot Boghosian when the latter began throwing shoes at him. Wilson, on the other hand, allegedly stated that he had entered the store only to have his shoe repaired, and that he had shot Boghosian in self-defense when the proprietor threw the shoes.[1] In addition to the above statements, the state introduced into evidence a .380 Beretta that had been found in Wilson's apartment and that was stipulated to be the murder weapon. On the basis of this and other evidence, Wilson and Burbank were found guilty of murder and sentenced to 100 to 150 years imprisonment.

In his subsequent petition for a writ of habeas corpus, Wilson claimed that the admission of the non-testifying co-defendant's statement deprived him of the Sixth Amendment right to confront adverse witnesses. The district court found that the use of the statement violated the rule of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and that its admission into evidence was not harmless error. On appeal, the state does not challenge the finding of a *Bruton* violation,

** The Hon. John M. Wisdom, Senior Judge of the United States Court of Appeals for the Fifth Circuit, is sitting by designation.

1. The appellee argues that the state trial court failed to make the "reliable and clear-cut determination of voluntariness of [petitioner's] confession" as required by *Jackson v. Denno*, 378 U.S. 368, 391, 84 S.Ct. 1774, 1788, 12 L.Ed.2d 908 (1964). This Court, however, rejected the same argument when it was presented in a habeas corpus proceeding involving the appel-

lee's co-defendant. *United States ex rel. Burbank v. Warden*, 535 F.2d 361, 366–67 (7th Cir. 1976). That decision dealt with the state trial court's evidentiary hearing on the voluntariness of the defendants' statements—a hearing at which both defendants were represented by the same counsel. Accordingly, for the reasons set forth in *Burbank, supra*, we affirm the district court's holding that the state trial court adequately considered the voluntariness issue.

but claims the district court erred on the question of harmless error.

■ In *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972), the Supreme Court declared:

"'The mere finding of a violation of the *Bruton* rule in the course of the trial, however, does not automatically require reversal of the ensuing criminal conviction. In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the co defendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error."

*Id.* at 430, 92 S.Ct. at 1059. Thus, reversal is not required unless "there is a reasonable possibility that the improperly admitted evidence contributed to the conviction." *Id.* at 432, 92 S.Ct. at 1060.

■ In the case at hand, the district court noted that the jury could not have found the appellant guilty under a felony murder theory without the co-defendant's admission since there was no other evidence to establish the fact of robbery. The court then found that the felony murder theory might have impermissibly served as the basis for the jury's general verdict of guilty. That is, according to the court, the jury might have rejected the police testimony on Wilson's admission while accepting the officers' account of Burbank's statement. On this basis, then, the court concluded that the admission of the co-defendant's statement could not be viewed as harmless error.

We cannot agree, however, that there is a "reasonable possibility" that the jury accepted the officers' account of Burbank's admission, while rejecting the officers' account of Wilson's admission. For one thing, it appears from the record that the

appellant did not introduce any evidence to contradict the police testimony on his alleged oral statement. Equally if not more significant, there were three officers who testified that Wilson made the admission and one of the officers—Detective Fitzgerald—also provided the major testimony on Burbank's statement. Accordingly, it would not have been rational for the jury to accept only the testimony on Burbank's admission in the absence of any contradicting evidence. And, as the Supreme Court has made clear, the judicious application of the harmless error rule

"does not require that we indulge assumptions of irrational jury behavior when a perfectly rational explanation for the jury's verdict, completely consistent with the judge's instructions, stares us in the face."

*Schneble v. Florida*, 405 U.S. at 431–32, 92 S.Ct. at 1059.

In this case, such a rational explanation for the jury's verdict does indeed "stare us in the face." According to uncontradicted police testimony, Wilson admitted shooting Boghosian when the latter threw shoes at him. The appellant did not claim that the shooting was inadvertent or accidental. On the contrary, he fully admitted that he shot Boghosian with an intent "to kill or do great bodily harm to that individual" [2]—or, at the very least, with the knowledge "that such acts create a strong possibility of death or great bodily harm." [3] Furthermore, it is quite apparent from his admission that Wilson could not have reasonably believed that the shooting was "necessary to prevent imminent death or great bodily harm to himself." [4] Therefore, the shooting could not be justified under Illinois law on the grounds of self-defense. Finally, we note that the appellant's admission was fully consistent with the physical evidence in

---

**2.** Ill.Rev.Stat., ch. 38 § 9–1(a)(1) (1967).

**3.** Ill.Rev.Stat., ch. 38 § 9–1(a)(2) (1967).

**4.** Ill.Rev.Stat., ch. 38 § 7–1 (1967).

On this score his argument is that Boghosian was throwing shoes at him. This could hardly have threatened appellant with death or great bodily harm under any circumstances. Here, moreover, according to photographs in evi-

dence, the customer area and the work area where Boghosian was shot were separated by a wire screen with a small opening through which shoes and money could be exchanged. These physical conditions made it highly unlikely that Boghosian could have succeeded in striking appellant with a thrown shoe and impossible that he could have thrown a shoe at appellant with any force.

the case—most notably, the murder weapon that was found in his apartment.

It is our conclusion, then, that "the 'minds of an average jury' would not have found the State's case significantly less persuasive had the testimony as to [Burbank's] admission been excluded." *Schneble v. Florida*, 405 U.S. at 432, 92 S.Ct. at 1060. Accordingly, we find the judgment of the district court on this point to be clearly erroneous. In all other respects, the judgment is affirmed.

REVERSED IN PART and AFFIRMED IN PART.

SWYGERT, Circuit Judge, dissenting from the denial of the petition for rehearing *en banc.*

Because I believe *Stromberg v. California*, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931), cannot be ignored in light of the facts of this case, I must dissent from the court's denial of the petition for rehearing *en banc.*

In *Stromberg*, the situation facing the Supreme Court was virtually indistinguishable from that in the instant case:

The verdict against the appellant was a general one. It did not specify the ground upon which it rested. As there were three purposes set forth in the statute, and the jury [were] instructed that their verdict might be given with respect to any one of them, independently considered, it is impossible to say under which clause of the statute the conviction was obtained. If any one of these clauses, which the state court has held to be separable, was invalid, it cannot be determined upon this record that the appellant was not convicted under that clause. It may be added that this is far from being a merely academic proposition, as it appears, upon an examination of the original record filed with this Court, that the State's attorney upon the trial emphatically urged upon the jury that they could convict the appellant under the first clause alone, without regard to the other clauses. It follows that instead of its being permissible to hold, with the state court, that the verdict could be sustained if any one of the clauses of the statute were found to be valid, the necessary conclusion from the manner in which the case was sent to the jury is that, if any of the clauses in question is invalid under the Federal Constitution, the conviction cannot be upheld.

283 U.S. at 367–68, 51 S.Ct. at 535.

As an examination of the record of the instant case reveals, the verdict against Wilson was a general one. R. 826. It did not specify the ground upon which it rested. As there were three counts set forth in the indictment,[1] and as the members of the jury were instructed that their verdict might be given with respect to any one of them,[2] independently considered, it is impossible to say under which count of the indictment the conviction was obtained. It may be added that this is far from being a merely academic proposition, as it appears, upon an

---

1. As set forth in the first paragraph of the panel's opinion:

    The appellant Rommel X. Wilson and co-defendant Ronald Burbank were charged in a three count indictment for the murder of a shoe store proprietor named Mihran Boghosian. Each count of the indictment was based on a separate theory of murder under Illinois law: (1) intentionally and knowingly killing Boghosian without lawful justification; (2) shooting Boghosian with the knowledge that such action created a strong possibility of death or great bodily harm; and (3) killing Boghosian in the course of committing a felony.

2. The relevant portions of the court's charge to the jury were as follows:

    A person commits the crime of murder who kills an individual if, in performing the acts which cause the death,
    (1) he intends to kill or do great bodily harm to that individual; or
    (2) he knows that such acts will cause death to that individual; or
    (3) he knows that such acts create a strong probability of death or great bodily harm to that individual; or
    (4) he is attempting to commit or is committing the crime of robbery.
    *    *    *    *    *    *
    To sustain that charge of murder, the State must prove the following propositions:
    First: That the defendant performed the acts which caused the death of Mihran Boghosian;
    Second: That when the defendant did so,

examination of the state trial court record filed with this court, that the State's Attorney upon the trial emphatically urged upon the jury that they could convict Wilson under the felony-murder count alone, without regard to the other clauses:

Ladies and gentlemen, you will not be instructed on any other crime but murder, you will receive no verdict but guilty or not guilty of murder, there is no manslaughter, there is no reckless disregard of human life, that is the law you will be instructed on, those are the verdicts you will have.

\*　　\*　　\*　　\*　　\*　　\*

.　.　.　[y]ou will also be told, as was referred to, about the felony-murder doctrine, you will recall that there are three different counts in the indictment, knowing and intentionally shooting, that is the first count; the second, engaging in such acts that are likely or probable to cause great bodily harm, shooting a gun in any sort of direction of a person is that; and the third is that when a person dies as a result of a felony, a forcible felony, which is the attempt robbery, even if that person dies of a heart attack that everybody who is in on that robbery is responsible and accountable for that death, that is called the felony-murder doctrine.

And again it is not only legally sensible but it is morally and logically sensible also. If somebody is going to go in and commit a dangerous sort of crime like robbery where anything can happen, as we know, there are two guns involved, then everybody that is in on that robbery is accountable, and Wilson is accountable

(1) he intended to kill or do great bodily harm to Mihran Boghosian, or
(2) he knew that his act would cause death or great bodily harm to Mihran Boghosian, or
(3) he knew that his acts created a strong probability of death or great bodily harm to Mihran Boghosian, or
(4) he was attempting to commit or was committing the crime of robbery.
If you find from your consideration of all the evidence that each of these propositions has been proved beyond·a reasonable doubt, then you should find the defendant guilty.
If, on the other hand, you find from your consideration of all the evidence that any of

from Burbank, through his own confession through Detective Fitzgerald that they started the planning of this robbery in a pool hall on 63rd Street and followed through, he also is accountable under the felony-murder doctrine.

Closing Argument of the State of Illinois, R. 795–97.

To me, the instant case falls squarely within the rule of *Stromberg.* Because the decision of the panel is in direct conflict with precedent set by the Supreme Court, I would order the case set for rehearing by this court sitting *en banc.*

these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

\*　　\*　　\*　　\*　　\*　　\*

The forms of verdicts which you will receive read as follows:
We, the jury, find the defendant, Ronald Burbank, not guilty.
We, the jury, find the defendant, Ronald Burbank, guilty of murder.
We, the jury, find the defendant, Rommel Wilson, guilty of murder.
We, the jury, find the defendant, Rommel Wilson, not guilty.