986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Aaron E. ISBY, Petitioner-Appellant,
v.
Charles WRIGHT and Indiana Attorney General, Respondents-Appellees.
 No. 91-2747.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1993.*
Decided March 2, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Aaron Isby is serving a sentence of 30 years for the class A felony of aiding, inducing, or causing a robbery. He appeals from the district court's dismissal of his petition for a writ of habeas corpus.
 
 
 2
 * The relevant facts reported by the Court of Appeals of Indiana are these. Isby and Kulon Lewis were at the home of brothers Marques Lockett and Wardell Lockett, Jr., in Fort Wayne one night. According to Wardell's testimony at trial, Lewis suggested to the others that they rob a cab driver. After fifteen minutes of witnessing the three young men discuss their plans, Wardell left. Later, Marques called for a cab to meet them at a nearby street corner. Terry Wappes, a taxi driver, picked them up. Following a meandering journey to several nonexistent addresses, Wappes and his three passengers ended up in an alley. The next morning Wappes was found slumped over the front seat of the cab, bleeding from a gunshot would to the back of his head. He died later that day. Cab fare that likely would have been in his shirt pocket was missing. No wallet was discovered, but he had $32.90 in the pocket of his trousers.
 
 
 3
 A few days later Lewis gave a statement to Fort Wayne police implicating Marques Lockett and Isby. Isby himself spoke to police shortly afterwards. Both Lewis and Isby accused Marques of having the gun and killing Wappes. Both also claimed that they fled once the car slowed and Marques pulled the gun. Isby claimed that he did not receive any proceeds from the robbery. He also denied having discussed any of these events with Marques at a chance meeting several days later. At trial, however, Reuben Perrien placed Isby and Marques together the day after the robbery and murder.[1]
 
 
 4
 The jury convicted Isby of aiding, inducing, or causing a robbery. The Court of Appeals of Indiana affirmed the conviction, and the Supreme Court of Indiana denied transfer. Without seeking post-conviction remedies, Isby filed his petition for a writ of habeas corpus. The grounds he asserts in support of habeas relief are the same arguments he urged upon the Supreme Court of Indiana. Isby therefore has exhausted his state court remedies.[2]
 
 II
 
 5
 Isby first contends that a videotape of statements he gave to the police should have been suppressed. The state's appellate court found that he had waived the issue by failing to object at trial to the admission of the videotape. When the last state court to issue an opinion on the issue expressly states that its judgment rests on a state procedural bar, a federal district court reviewing a habeas petition may not consider the merits of the claim. Ylst v. Nunnemaker, 111 S.Ct. 2590 (1991). A prisoner can resurrect issues waived under state law either by demonstrating cause for the default and actual prejudice as a result of the alleged violation of federal law, or by showing that a fundamental miscarriage of justice will result if the district court does not consider the procedurally defaulted claims. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Ineffective assistance of counsel can furnish cause. Murray v. Carrier, 477 U.S. 478, 488 (1986). Isby alleges defective representation. As we shall see, the claim is without merit. Moreover, it is difficult to imagine how prejudice or a fundamental miscarriage of justice resulted from the admission of statements that Isby repeated during his own testimony. Indeed, his attorney emphasized during closing argument that Isby's testimony "exactly conforms with what he said on the tape."
 
 
 6
 Isby also contends that charging by information violated his constitutional rights. He asserts that he was entitled to a hearing, with the assistance of counsel, at which the state would be required to show probable cause. Gerstein v. Pugh, 420 U.S. 103 (1975), holds to the contrary. See particularly 420 U.S. at 112, 119.
 
 
 7
 Next, Isby argues that he was denied the right to confront witnesses against him because he did not have the opportunity to cross-examine Lewis. Isby suggests that Lewis could have corroborated his claim that all the two of them wanted to do was get a free taxi ride. But the prosecution neither called Lewis as a witness nor used any of his depositions or prior statements at trial. Lewis, therefore, was not a witness against Isby. His claim that the prosecution withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), also must fail. Isby knew about Lewis's statements. Had he wanted to question Lewis, he could have called him himself.
 
 
 8
 Indeed, his lawyer's failure to call Lewis is but one of the events Isby points to as ineffective assistance of trial counsel. The others are counsel's failure (1) to object to the charging by information; (2) to cross-examine Wardell Lockett, Jr.; (3) to ask the judge to suppress Isby's statements to police; (4) to cross-examine Marques Lockett; (5) to cross-examine Perrien; and (6) to depose or to call relatives and friends of Perrien. In order to prevail on a claim of ineffective assistance of counsel, the defendant must establish (1) that his attorney's performance was deficient, and (2) that the deficiency led to an unreliable trial. Lockhart v. Fretwell, 61 U.S.L.W. 4155 (U.S. Jan. 25, 1993). Our discussion of charging via information disposes of Isby's first ground. A lawyer cannot perform deficiently when there is no legal basis for an objection. The third ground fails for the same reason. While the Fifth Amendment prohibits the police from questioning an accused after he has invoked his right to counsel, Edwards v. Arizona, 451 U.S. 477 (1981), it does not bar the admission of statements obtained from the accused's initiation of communications with law enforcement officials, even after the right to counsel has attached. See also Oregon v. Bradshaw, 462 U.S. 1039 (1983) (burden remains on prosecution to show that defendant waived Fifth Amendment right to counsel during interrogation). At all events, the record indicates that Isby freely initiated a discussion about the crime with the police. Consequently, counsel had no reasonable basis to object to the admission of the videotaped statement.
 
 
 9
 The remaining grounds alleging ineffective assistance all involve strategic decisions whether to call or to cross-examine witnesses. Counsel's strategy decisions ordinarily do not violate the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 689 (1984); Rogers-Bey v. Lane, 896 F.2d 279, 282 n. 2 (7th Cir.), cert denied, 111 S.Ct. 93 (1990). A petitioner cannot overcome that presumption "absent a specific, affirmative showing as to what the missing evidence or testimony would have been." McCall v. O'Grady, 908 F.2d 170, 173 (7th Cir.1990). Isby speculates on the possible testimony and potential evidence that his attorney might have adduced had he done as Isby now sees fit. Anything is possible. Whether it is probable that the course Isby prefers in retrospect would have altered the verdict is another matter. Unsupported hopes and speculations, which is all Isby offers, will not do.
 
 
 10
 Isby's claim of ineffective appellate counsel is similarly unavailing. Appellate counsel submitted a brief containing only one claim. Concentrating on a single claim may be good strategy. Jones v. Barnes, 463 U.S. 745 (1983). Displeased with such brevity, Isby successfully petitioned the Court of Appeals of Indiana to allow him to file, pro se, a supplemental brief raising all the issues he wished to pursue. Because the appellate court considered Isby's arguments, no prejudice resulted.
 
 
 11
 Isby's contention that Wardell Locket received immunity from prosecution is unsupported by the record. Even if there has been such an agreement, it is hardly clear that its revelation would have affected the outcome of the trial. Cf. Keating v. Missouri, 643 F.2d 1315, 1319 (8th Cir.) (evidence of immunity not material under Brady when cross-examination sufficiently called into question witness's credibility), cert. denied, 454 U.S. 846 (1981).
 
 
 12
 In addition, Isby challenges the sufficiency of the evidence supporting his conviction. In determining whether the state has presented sufficient evidence to allow a reasonable trier of fact to find guilt beyond a reasonable doubt, we consider the evidence in a light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307 (1979); Garlington v. O'Leary, 879 F.2d 277, 285 (7th Cir.1989). Our review of the record leads to the conclusion that the prosecution presented enough evidence for a rational jury to find that Isby knowingly or intentionally aided Marques in taking property from Wappes by use of force. Wardell testified that Isby was present when Lewis talked about robbing a taxi driver. Isby admitted being in the taxi with Lewis and Marques when Marques pulled the gun. The taxi log book, as well as Isby's statement, show that the three young men gave Wappes false information about their destination. The jury was entitled to disbelieve Isby's assertion that he knew nothing about a robbery and fled from the taxi when he saw a companion draw a gun.
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 [1]
 A motion in limine kept from the jury the allegation that Isby, Marques, Perrien, and a fourth person had robbed another taxi the day after the robbery and murder of Wappes
 
 
 [2]
 See Mauricio v. Duckworth, 840 F.2d 454, 456 n. 1 (7th Cir.) (where grounds for habeas relief are identical to contentions advanced in unsuccessful direct appeal, no useful purpose is served by requiring resort to Post-Conviction Rule 1 as a condition of exhaustion), cert. denied, 488 U.S. 869 (1988); Montes v. Jenkins, 581 F.2d 609, 611 (7th Cir.1978)